UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POW NEVADA, LLC, | Case No. C17-1649RSM |
| Plaintiff, | ORDER SEVERING DOE DEFENDANTS AND DISMISSING CLAIMS |
| v. | |
| DOE 2, et al., | |
| Defendants. | |

This is one of dozens of suits filed by Plaintiff POW Nevada, LLC's ("POW") counsel, David Allen Lowe, alleging that multiple, unidentified Doe Defendants participated in BitTorrent "swarms" to engage in copyright infringement.[1] BitTorrent is a peer-to-peer ("P2P") file-sharing network that allows users to share small pieces of an initial, uploaded file until a complete file is downloaded by each user. In this suit, POW alleges twelve Doe Defendants, identified by the Internet protocol ("IP") address assigned to them by their Internet service providers ("ISP"), participated in a BitTorrent "swarm" to copy and distribute the same unique copy of the movie *Revolt*. *See* Dkt. #1 ¶¶ 1, 5, 10–15, 17. On November 27, 2017, POW was directed to show cause

---

[1] Mr. Lowe has filed more than one hundred BitTorrent suits in the Western District of Washington since January 2013.

ORDER — 1

why the Court should not sever all of the Doe Defendants except the first Doe Defendant in the case, and dismiss the remaining defendants for improper joinder. Dkt. #8. For the reasons stated herein, the Court finds POW's joinder of the Doe Defendants improper and will sever and dismiss the claims against all of the Doe Defendants except the Doe Defendant associated with IP address 24.18.29.70.

Federal Rule of Civil Procedure 20(a)(2) imposes two requirements for the permissive joinder of defendants. First, defendants may be joined in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). Second, there must be some question of law or fact common to all defendants. FED. R. CIV. P. 20(a)(2)(B). Besides these requirements, district courts must also determine if permissive joinder "'comport[s] with the principles of fundamental fairness'" or will prejudice either side. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). If a plaintiff does not satisfy Rule 20(a)(2)'s requirements, courts may sever misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 496 (D. Ariz. 2012) (quotes omitted). Notably, "[e]ven when a plaintiff shows that the joined defendants meet the test for permissive joinder, the court still has discretion to sever under Federal Rules of Civil Procedure 20(b), 21 and 42(b)." *Id.* (citing *On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 503 (N.D. Cal. 2011)).

POW's Complaint does not satisfy Rule 20(a)(2)(A). POW contends its claims arise out of the same series of transactions or occurrences because the Doe Defendants allegedly used the BitTorrent protocol to download identical copies of the movie *Revolt* within the span of six days.

ORDER — 2

*See* Dkt. #1 ¶¶ 1, 10, 12–14, 18–23 and Ex. B. Given the temporal proximity of the Doe Defendants' alleged infringements, along with the alleged "known propensity of BitTorrent participants to actively exchange files continuously for hours and even days," POW posits it is "possible" that the Doe Defendants directly exchanged the movie in question with each other. *See id*. ¶ 18. POW thus concludes that by participating in a "swarm" within a particular period of time, and because the joined Doe Defendants reside in the Western District of Washington, they may have exchanged files and swarm joinder is proper.[2] This argument rests on shaky ground. While it is theoretically possible that the Doe Defendants interacted with each other, POW's factual allegations fall short of converting the theoretical to plausible reality. *See I.T. Prods., LLC v. Does 1-12*, Case No. DKC 16-3999, 2017 WL 167840, at *2 (D. Md. Jan. 17, 2017) ("[T]he properties of BitTorrent are insufficient to support joinder because Rule 20's transactional component has not been met, i.e., the multiple Doe defendants, even though the IP addresses are alleged to participate in the same swarm, do not constitute 'the same transaction, occurrence or series of transactions or occurrences.'").

That the Doe Defendants participated in the same BitTorrent "swarm" does not indicate those participants interacted with each other, and the Court agrees that "because pieces and copies of the protected work may be coming from various sources within the swarm, individual users might never use the same sources." *Third Degree Films*, 280 F.R.D. at 498. Instead, these allegations do nothing more than indicate that the Doe Defendants may have all unlawfully downloaded the same movie using the same method. *See, e.g., AF Holdings LLC v. Does 1-1058*, 752 F.3d 990, 998–99 (D.C. Cir. 2014) ("'Simply committing the same type of violation in the

---

[2] Joining multiple defendants in a single action because they allegedly participated in the same BitTorrent swarm is referred to as "swarm joinder." *LHF Prods., Inc. v. Smith*, Case No. 2:16-cv-01803-JAD-NJK, 2017 WL 4778594, at *2 (D. Nev. Oct. 23, 2017).

ORDER — 3

same way does not link defendants together for the purposes of joinder.'") (quoting *Hard Drive Prods., Inc. v. Does 1–30*, Case No. 2:11cv345, 2011 WL 4915551, at *3 (E.D. Va. Oct. 17, 2011)). That some of the Doe Defendants may have downloaded a piece of the same movie during the same day does not change this analysis. *See Cell Film Holdings LLC v. Acosta*, Case No. 2:16-cv-01853-JAD-VCF, 2017 WL 5895130, at *4 (D. Nev. Nov. 29, 2017) (finding that alleged participants of BitTorrent swarm did not act as part of the same transaction or occurrence even though they allegedly participated in the same swarm within hours of each other). The unreasonableness of finding that the Doe Defendants' participation in the same swarm merits joinder is further highlighted by the fact that users from other jurisdictions may have also participated in this swarm, yet Plaintiff fails to include them as part of their suit. *See Third Degree Films*, 280 F.R.D. at 498 (noting there is "no logic to segregating the Arizona based members of the swarm from the non-Arizona based members, except Plaintiff's convenience.").

Even had POW established Rule 20(a)(2)'s requirements, the Court would nonetheless exercise its discretion to disallow joinder because POW's joinder attempt fails to "comport with the principles of fundamental fairness." *Coleman*, 232 F.3d at 1296. Courts consider possible prejudice to any party, delay caused by joinder, the motives for joinder, the closeness of the relationship between the joined parties, and the effect of joinder on jurisdictional issues when determining if joinder comports with principles of fundamental fairness. *Desert Empire*, 623 F.2d at 1375. As the Court becomes more familiar with Plaintiff's counsel's BitTorrent litigation tactics, it has become apparent that joinder not only prejudices Doe Defendants, it may also have the unintended effect of aiding BitTorrent plaintiffs in the evasion of filing fees. Rather than create judicial efficiency, joining together defendants who may have different factual and legal defenses threatens to create case management issues at the pretrial and trial proceeding stages of a case.

ORDER — 4

Creation of these issues is unnecessary given that, except for the fact that they allegedly used the BitTorrent protocol, Plaintiff does not allege the Doe Defendants are related in any way. Issues posed by joinder thus may delay the ultimate disposition of the claims against individual defendants. Most importantly, the Court agrees with the District Court for the District of Nevada in finding that severance of all but the first named defendant will "prevent[] inappropriate settlement leverage." *LHF Prods., Inc. v. Smith*, Case No. 2:16-cv-01803, 2017 WL 4778594, at *4 (D. Nev. Oct. 23, 2017).

Given the usual life cycle of BitTorrent claims filed by Plaintiff's counsel, arguments to the contrary are unpersuasive. Plaintiff's contention that joinder in BitTorrent litigation allows defendants to "pool resources, rely on arguments raised by other Defendants, benefit from the participation of retained counsel, or . . . gain the benefit of reduction in liablity for court and attorney's fees" is disengenous. *See* Dkt. #9 at 24. BitTorrent claims filed by Mr. Lowe follow a predictable lifecycle. Groups of Doe Defendants are named in a single complaint, and a motion for expedited discovery follows. Subpoenas are then served on various ISPs and those ISPs provide plaintiffs with the identities of the alleged infringers. Upon obtaining the identities of the Doe Defendants, BitTorrent plaintiffs represented by Mr. Lowe either settle or voluntarily dismiss their claims against some defendants. If a claim is not settled or dismissed, claims against the remaining named defendants continue. A named defendant's failure to respond to a plaintiff's amended complaint prompts the plaintiff to move for default and, shortly thereafter, motions for default judgment are filed. Throughout this process, pleadings are recycled liberally and not one of these cases has gone to trial. This process has played out in this District dozens of times, and the Court is not aware of a single instance where defendants in a BitTorrent suit filed by Mr. Lowe actually "pooled" resources, benefitted from the participation of another defendant's retained

ORDER — 5

counsel, or gained the benefit of reduced attorney's fees requests by clients represented by Mr. Lowe. On the contrary, as acknowledged by the Court in February 2017, given the recycled nature of Mr. Lowe's work, his attorney's fees requests have been unreasonable. *See, e.g.*, *LHF Prods., Inc. v. Doe 1*, Case No. C16-551RSM, 2017 WL 615888, at *4–6 (W.D. Wash. Feb. 15, 2017) ("While there is nothing wrong with LHF's filing of several infringement claims, it is wrong for LHF's counsel to file identical complaints and motions with the Court and then expect the Court to believe that it spent *hundreds* of hours preparing those same complaints and motions.").

The Court is not alone in rejecting the "swarm joinder" theory advanced by POW. Within the Ninth Circuit, the District Courts for the Districts of Arizona, Nevada, Oregon, and the Central District of California, do not allow swarm joinder, while judges in the Northern, Southern, and Eastern Districts of California have also not allowed swarm joinder in some cases. *See, e.g.*, *Cell Film Holdings LLC*, 2017 WL 5895130, at *4 ("I do not find that downloading the same copyrighted movie with the same BitTorrent program over a 'relatively short period of time' indicates that the defendants acted in concert with each other in the same series of transactions or occurrences.")*; also LHF Prods., Inc. v. Kabala*, Case No. 2:16-cv-02028-JAD-NJK, 2017 WL 2587597, at *3–4 (D. Nev. June 13, 2017) (collecting cases); *Third Degree Films*, 280 F.R.D. at 498 ("The Court finds that a user participating in the same swarm is not the same transaction or occurrence or series of transactions or occurrences."); *Patrick Collins, Inc. v. Does*, Case No. SACV 12-977 JVS (RNBx), 2012 WL 12893290 (C.D. Cal. Dec. 14, 2012) (swarm joinder not allowed); *Cobbler Nevada, LLC v. Cerritos*, Case No. 3:15-cv-01228-SB, 2016 WL 7177527, at *1 n.1 (D. Or. Dec. 9, 2016) (noting that District of Oregon prohibits swarm joinder in BitTorrent copyright litigation); *Malibu Media, LLC v. John Does 1–7*, Case No. 2:12-cv-1514 JAM DAD, 2012 WL 6194352 (E.D. Cal. Dec. 12, 2012) (not allowing swarm joinder); *Third Degree Films*,

*Inc. v. Does 1–178*, 2012 WL 12925674 (N.D. Cal. Dec. 6, 2012) ("Given the risk of inappropriate settlement leverage and Plaintiff's failure to resolve any of these cases on the merits, it is patently unfair to permit Plaintiff to 'receive a windfall, . . . securing all the necessary personal information for settlement without paying more than a one-time filing fee.'") (quoting *Third Degree Films v. Does 1–108*, Case No. DKC 11–3007, 2012 WL 1514807, at *4 (D. Md. April 27, 2012)); *Third Degree Films, Inc. v. John Does 1–4*, Case No. 12-CV-1849 BEN (BGS), 2013 WL 3762625 (S.D. Cal. July 16, 2013) (not allowing swarm joinder).

The Court's decision is also not swayed by Orders issued within this District that have allowed joinder in unrelated BitTorrent matters. *See*, *e.g.*, *The Thompson Film, LLC v. Does 1–194*, Case No. C13-0560RSL, Dkt. #3 at 2–5. As the Court becomes more familiar with Plaintiff's counsel's tactics, and the legal landscape surrounding permissive joinder in BitTorrent litigation, it has become apparent that joinder of Doe Defendants should not be allowed.

In summary, the Court rejects POW's swarm joinder theory.[3] POW's claim against Doe Defendant 1 (IP address 24.18.29.70) is accordingly SEVERED from the claims against Does 2–12, and the claims against Does 2–12 are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 24 day of January, 2018

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In their Response to the Court's Order to Show Cause, POW asks the Court to allow discovery from the Doe Defendants' ISPs before severance occurs. *See* Dkt. #9 at 8. Given the potential prejudice Doe Defendants may face as a result of this discovery, the Court declines to grant this request.

ORDER — 7