UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POW NEVADA, LLC, | CASE NO. C17-1649 RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| DOE 1, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on the following motions:

1) Plaintiff's *Ex Parte* Motion for Expedited Discovery (Dkt. #17)

2) Plaintiff's Motion to Extend Time to Serve the Complaint (Dkt. #18)

3) Plaintiff's Motion for Extension of Initial Scheduling Dates (Dkt. #16)

For the reasons set forth below, the Court resolves the pending motions as follows:

## II. BACKGROUND

Plaintiff, POW Nevada, LLC, alleges copyright infringement claims against unknown Defendant Doe 1, who allegedly used "peer to peer" or BitTorrent file "swapping" networks to illegally obtain and distribute the motion picture *Revolt*. Dkt. #1 ¶¶ 5, 10–35. Plaintiff identifies Defendant by an Internet Protocol ("IP") address. Dkt. #1, Exh. B. Plaintiff has established that internet service providers ("ISPs"), with notification of a particular IP address and a specific time of use, can associate an IP address with a particular subscriber. Dkt. #5 ¶¶ 11–13. ISPs, however,

ORDER – 1

may only maintain the information necessary to make this association for a limited time. *Id.* Plaintiff represents that without the information, "Plaintiff will have no ability to identify the Defendant[], and thus will be unable to pursue its lawsuit to protect its copyrighted work." Dkt. #17 at 4–5.

To support that identification of the subscriber will identify Defendant, Plaintiff asserts that each IP address has also been observed and associated with significant infringing activity and associated with the exchange of other titles on peer-to-peer networks. Dkt. #1 ¶ 11. Due to the volume, titles, and persistent observed activity associated with Defendant's IP address, Plaintiff concludes that Defendant is not a transitory or occasional guest, but is either the primary subscriber of the IP address or someone who resides with the subscriber and/or is an authorized user of the IP address. *Id.*

### III. DISCUSSION

**A. Plaintiff's Motion for Expedited Discovery**

*1. Legal Standard*

This Court may authorize early discovery before the Fed. R. Civ. P. 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for such early discovery. *See, e.g.*, *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613–14 (D. Ariz. 2001) (collecting cases and standards). When the identities of defendants are not known before a Complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to

ORDER – 2

learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).

### 2. *Plaintiff Has Shown Good Cause to Take Early Discovery from ISPs*

Here, Plaintiff establishes good cause to engage in early discovery to identify the subscriber associated with Defendant's IP address. Plaintiff has identified an IP address that purportedly is associated with an act potentially violating Plaintiff's copyright. Dkts. #1, 5. Plaintiff has described steps it took to locate and identify the person using the IP address at a particular time. *See* Dkt. #5. Plaintiff's Complaint states the essential elements of a claim for copyright infringement under 17 U.S.C. § 501, *et seq.* Dkt. #1 ¶¶ 10–35. Plaintiff asserts that the information sought through subpoena is essential to secure identifying information allowing Plaintiff to name and effect service of process on Defendant. There remains doubt as to whether identification of the subscriber will permit Plaintiff to make factual allegations, consistent with Fed. R. Civ. P. 11, regarding the subscriber's infringing activities based solely on the fact that he or she pays the internet bill. *See Canal Street Films, Inc. v. Does 1-104*, No. C13-0007RSM-RSL, Dkt. #21 at 7 (W.D. Wash. Jan. 3, 2013) (noting that associating a subscriber with an IP address does not associate the subscriber with violating activity because home networks can support multiple devices and may not be secured). Nevertheless, due to the expiring nature of

ORDER – 3

the evidence, the Court finds that the foregoing factors demonstrate good cause warranting limited, expedited discovery from ISPs.

   3. *Plaintiff May Not Seek Further Evidence or Discovery*

Although Plaintiff has shown good cause to allow for limited, expedited discovery from ISPs to preserve vital information, the Court will not allow Plaintiff to seek evidence or further discovery from the subscriber identified by the ISPs. Receipt of subscriber identity is not an opportunity for Plaintiff to notify the subscriber of the lawsuit—that purpose is accomplished by the service of a complaint. Receipt of subscriber identity is also not an opportunity for Plaintiff to engage in unsanctioned, informal discovery. If Plaintiff is not confident that it can name an identified subscriber as Defendant, it must turn to the Court for recourse. *LHF Prods., Inc. v. Doe 1, et al.*, Case No. C17-254RSM, Dkt. #14 at 3 (W.D. Wash. Feb. 17, 2017); *D3 Prods., LLC v. Does*, Case No. C13-228RSM-RSL, Dkt. #10 at 7–8 (W.D. Wash. Feb. 8, 2013).

**B. Plaintiff's Motion to Extend Time to Serve the Complaint**

Plaintiff filed a timely motion to extend Plaintiff's time to serve Defendant under Fed. R. Civ. P. 4(m). Dkt. #18. Plaintiff's motion was premised on its need for expedited discovery in order to timely identify and serve the Defendant and delays in the proceedings. The Court finds good cause for extending the time to effect service in this case.

**C. Plaintiff's Motion for Extension of Initial Scheduling Dates**

Plaintiff has likewise filed a timely motion to extend the initial scheduling dates. Dkt. #16. Plaintiff has been unable to satisfy the initial scheduling dates because Plaintiff has been unable, to this point, to identify and serve Defendant. The Court finds good cause for providing Plaintiff relief from the current initial scheduling dates in this case.

ORDER – 4

## IV. CONCLUSION

Having reviewed the Plaintiff's motions, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's *Ex Parte* Motion for Expedited Discovery (Dkt. #17) is GRANTED in part and DENIED in part as follows:

    a. Plaintiff may immediately issue a subpoena pursuant to Federal Rule of Civil Procedure 45 on the Internet Service Provider associated with IP address 24.18.29.70 on September 27, 2017 at 09:24:14. The subpoena may request the name, street address, and e-mail address (but not the phone number) of the subscriber assigned that IP address at that time. If the ISP identifies downstream ISPs, Plaintiff may likewise issue a subpoena for the same information.

    b. Any ISP served with a subpoena authorized by this Order shall, within seven (7) days after receipt of the subpoena, give written notice and copies of the subpoena and this Order to the affected subscriber, via first-class U.S. mail, and via e-mail if practicable. The ISP shall not disclose the information sought in the subpoena during the 30-day period after notice is sent to the subscriber.

    c. Any objection to the subpoena under Federal Rule of Civil Procedure 45(d)(2)(B) by either the ISP or the identified subscriber must be made in writing and served on Plaintiff's counsel within thirty (30) days after receipt of the subpoena. The objection need not contain the subscriber's identifying information (name, address, etc.) but must specify the IP address as to which the challenged subpoena was issued. Objections must be sent to David A. Lowe via either first-class U.S. mail at Lowe

Graham Jones PLLC, 701 Fifth Avenue, Suite 4800, Seattle, WA 98104, or via e-mail at Lowe@LoweGrahamJones.com.

   d. If any objection is served, Plaintiff's counsel shall immediately notify the ISP and the ISP shall preserve the material responsive to the subpoena at issue, but shall not disclose the information sought therein, until further order of the Court.

   e. If no objection is served, the ISP shall comply with the subpoena within seven (7) days after termination of the 30-day objection period or as soon as possible thereafter.

   f. Without further leave of the Court, Plaintiff may not disclose the subscriber information provided by the ISP and may not contact the subscriber or seek evidence or discovery from the subscriber. This shall not limit Plaintiff from filing an amended complaint and thereafter necessary to effect service of process or as necessary to comply with the Federal Rules of Civil Procedure.

   g. Plaintiff's counsel shall provide a copy of this Order with each subpoena issued pursuant hereto.

2. Plaintiff's Motion to Extend Time to Serve the Complaint (Dkt. #18) is GRANTED. Plaintiff shall have until June 23, 2018, to file proof of waiver or service or a motion setting forth the efforts made to serve and requesting a further extension of the service deadline.

3. Plaintiff's Motion for Extension of Initial Scheduling Dates (Dkt. #16) is GRANTED. The pending initial scheduling dates (Dkt. #7) are hereby vacated and the Court will set new initial scheduling dates upon the filing of an amended complaint.

//

//

ORDER – 6

DATED this 26 day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 7